MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
RAMIRO PACHECO and KENYA B.
CASTILLO ALVARENGA, *individually and
on behalf of others similarly situated,*

*Plaintiffs*,

-against-

CHINELUS CORP. (D/B/A CHINELOS
MEXICAN DELI GROCERY), CHINELOS II
CORP.  (D/B/A CHINELOS II), LUCERO
RODRIGUEZ, GRACIELA VELEZ, and
ALMA FELICES,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Ramiro Pacheco and Kenya B. Castillo Alvarenga, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Chinelus Corp. (d/b/a Chinelos Mexican Deli Grocery), Chinelos II Corp. (d/b/a Chinelos II), ("Defendant Corporations"), Lucero Rodriguez,  Graciela Velez, and  Alma Felices, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendants Chinelus Corp. (d/b/a Chinelos Mexican Deli Grocery), Chinelos II Corp. (d/b/a Chinelos II), Lucero Rodriguez, Graciela Velez, and Alma Felices.

2.      Defendants own, operate, or control Mexican restaurants/delis, located at 695 East 187th Street, Bronx, New York 10458 under the name "Chinelos Mexican Deli Grocery" and at 530 West 136th St, New York, New York 10031 under the name "Chinelos II".

3.      Upon information and belief, individual Defendants Lucero Rodriguez, Graciela Velez, and Alma Felices, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants/delis as a joint or unified enterprise.

4.      Plaintiffs were employed as a cook and a cashier at the restaurants/delis located at 695 East 187th Street, Bronx, New York 10458 and 530 West 136th St, New York, New York 10031.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Mexican restaurants/delis located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.     Plaintiff Ramiro Pacheco ("Plaintiff Pacheco" or "Mr. Pacheco") is an adult individual residing in New York County, New York.

16.     Plaintiff Pacheco was employed by Defendants at Chinelos Mexican Deli Grocery from approximately 2009 until on or about October 10, 2018.

17.     Plaintiff Kenya B. Castillo Alvarenga ("Plaintiff Castillo" or "Ms. Castillo") is an adult individual residing in New York County, New York.

18.     Plaintiff Castillo was employed by Defendants at Chinelos II from approximately July 2017 until on or about October 7, 2018.

*Defendants*

19.     At all relevant times, Defendants own, operate, or control Mexican restaurants/delis, located at 695 East 187th Street, Bronx, New York 10458 under the name "Chinelos Mexican Deli Grocery" and at 530 West 136th St, New York, New York 10031 under the name "Chinelos II".

20.     Upon information and belief, Chinelus Corp. (d/b/a Chinelos Mexican Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 695 East 187th Street, Bronx, New York 10458.

21.     Upon information and belief, Chinelos II Corp. (d/b/a Chinelos II) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 530 West 136th St, New York, New York 10031.

22.     Defendant Lucero Rodriguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lucero Rodriguez is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Lucero Rodriguez possesses operational control over Defendant Corporations, an ownership interest

in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Graciela Velez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Graciela Velez is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Graciela Velez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Alma Felices is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alma Felices is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Alma Felices possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.    Defendants operate Mexican restaurants/delis located in the Belmont section of The Bronx in New York City and in the Hamilton Heights section of Manhattan in New York City.

26.    Individual Defendants, Lucero Rodriguez, Graciela Velez, and Alma Felices, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendants Lucero Rodriguez, Graciela Velez, and Alma Felices operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

          a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    In each year from 2015 to the present date, Defendants both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise directly engaged in interstate commerce. As an example, numerous items that are used in the restaurants/delis on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35.     Plaintiffs are former employees of Defendants who were employed as a cook and a cashier. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ramiro Pacheco*

36.     Plaintiff Pacheco was employed by Defendants from approximately 2009 until on or about 2010 and from approximately January 1, 2015 until on or about October 10, 2018.

37.     Defendants employed Plaintiff Pacheco as a cook.

38.     Plaintiff Pacheco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Pacheco's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Pacheco regularly worked in excess of 40 hours per week.

41.     From approximately January 2015 until on or about October 7, 2016, Plaintiff Pacheco worked from approximately 4:00 p.m. until on or about 1:00 a.m. to 1:30 a.m., Mondays, Tuesdays, and Thursdays and from approximately 4:00 p.m. until on or about 2:00 a.m. to 2:30 a.m., Fridays through Sundays (typically 57 to 58.5 hours per week).

42.     From approximately October 8, 2016 until on or about October 31, 2016, Plaintiff Pacheco worked from approximately 10:00 a.m. until on or about 1:00 a.m. to 1:30 a.m., seven days a week (typically 105 to 108.5 hours per week).

43.     From approximately November 2016 until on or about December 2017, Plaintiff Pacheco worked from approximately 4:00 p.m. until on or about 1:00 a.m. to 1:30 a.m., Mondays, Tuesdays, and Thursdays and from approximately 4:00 p.m. until on or about 2:00 a.m. to 2:30 a.m., Fridays through Sundays (typically 57.5 to 58.5 hours per week).

44.     From approximately January 2018 until on or about July 2018, Plaintiff Pacheco worked from approximately 9:00 a.m. until on or about 6:00 p.m., five days a week (typically 45 hours per week).

45.     From approximately July 2018 until on or about October 10, 2018, Plaintiff Pacheco worked from approximately 9:00 a.m. until on or about 6:00 p.m., three days a week (typically 27 hours per week).

46.     Throughout his employment, Defendants paid Plaintiff Pacheco his wages in cash.

47.     From approximately July 2015 until on or about January 2016, Defendants paid Plaintiff Pacheco a fixed salary of $85 per day.

48.     From approximately January 2016 until on or about October 2016, Defendants paid Plaintiff Pacheco a fixed salary of $90 per day.

49.     From approximately October 2016 until on or about January 2018, Defendants paid Plaintiff Pacheco a fixed salary of $100 per day.

50.     From approximately January 2018 until on or about October 10, 2018, Defendants paid Plaintiff Pacheco a fixed salary of $115 per day.

51.     Plaintiff Pacheco's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants required Plaintiff Pacheco to work an additional 30 minutes past his scheduled departure time every day, and never paid him for the additional time he worked.

53.     Defendants never granted Plaintiff Pacheco any breaks or meal periods of any kind.

54.     Plaintiff Pacheco was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     On a number of occasions, Defendants required Plaintiff Pacheco to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pacheco regarding overtime and wages under the FLSA and NYLL.

57.     Defendants never provided Plaintiff Pacheco an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants never gave any notice to Plaintiff Pacheco, in English and in Spanish (Plaintiff Pacheco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Pacheco to purchase "tools of the trade" with his own funds—including five aprons and five shirts.

*Plaintiff Kenya B. Castillo Alvarenga*

60.     Plaintiff Castillo was employed by Defendants from approximately July 2017 until on or about October 7, 2018.

61.     Defendants employed Plaintiff Castillo as a cashier.

62.     Plaintiff Castillo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.     Plaintiff Castillo's work duties required neither discretion nor independent judgment.

64.     Throughout her employment with Defendants, Plaintiff Castillo regularly worked in excess of 40 hours per week.

65.     From approximately July 2017 until on or about September 2017, Plaintiff Castillo worked from approximately 10:00 a.m. until on or about 6:30 p.m. or from approximately 6:30 p.m. until on or about 3:00 a.m. four days a week (typically 34 hours per week).

66.    From approximately October 2017 until on or about July 21, 2018, Plaintiff Castillo worked from approximately 10:00 a.m. until on or about 6:30 p.m., three days a week and approximately 10.5 hours to 11.5 hours per day two days a week (typically 55 to 57 hours per week).

67.    From approximately July 22, 2018 until on or about July 28, 2018, Plaintiff Castillo worked for approximately 50 hours for six days.

68.    From approximately July 29, 2018 until on or about August 4, 2018, Plaintiff Castillo worked for approximately 58 hours for seven days.

69.    From approximately August 6, 2018 until on or about October 7, 2018, Plaintiff Castillo worked from approximately 10:00 a.m. until on or about 6:30 p.m., three days a week (typically 55 to 57 hours per week).

70.    From approximately July 2017 until on or about October 2017, Defendants paid Plaintiff Castillo her wages in cash.

71.    From approximately November 2017 until on or about October 7, 2018, Defendants paid Plaintiff Castillo her wages in a combination of check and cash.

72.    From approximately July 2017 until on or about September 2017, Defendants paid Plaintiff Castillo $10.50 per hour.

73.    From approximately October 2017 until December 2017, Defendants paid Plaintiff Castillo $10.50 per hour for the first four days of the week and a fixed salary of $90 per day on the fifth day.

74.    From approximately January 2018 until on or about July 21, 2018, Defendants paid Plaintiff Castillo $12.00 per hour.

75.     From approximately July 22, 2018 until on or about August 4, 2018, Defendants paid Plaintiff Castillo $12.00 per hour for the first four days of the week and a fixed salary of $90 per day for the last three days of the week.

76.     From approximately August 5, 2018 until on or about October 7, 2018, Defendants paid Plaintiff Castillo $12.00 per hour.

77.     Plaintiff Castillo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

78.     For example, Defendants required Plaintiff Castillo to work an additional three hours past her scheduled departure time two days a week, and did not pay her for the additional time she worked.

79.     Defendants never granted Plaintiff Castillo any breaks or meal periods of any kind.

80.     In addition, throughout her employment, Defendants required Plaintiff Castillo to clock out for approximately 30 minutes each day, even though she was not able to take her break.

81.     Although Plaintiff Castillo was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Castillo was not compensated for all of the hours that she worked.

82.     On a number of occasions, Defendants required Plaintiff Castillo to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

83.     In addition, in order to get paid, Plaintiff Castillo was required to sign a document in which Defendants misrepresented the hours that she worked per week.

84.     Defendants took improper and illegal deductions from Plaintiff Castillo's wages; specifically, from approximately July 2017 until on or about October 2017, Defendants deducted approximately $20.75 per week and from approximately October 2017 until on or about October

2018, Defendants deducted approximately $16.50 per week from Plaintiff Castillo's weekly wages for meals they never allowed her to take.

85.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

86.    Defendants did not provide Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

87.    In fact, Defendants adjusted Plaintiff Castillo's paystubs so that they reflected inaccurate wages and hours worked.

88.    Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

89.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

90.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

91.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

92.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but never provided them with any additional compensation.

93.     Defendants' time keeping system never reflected the actual hours that Plaintiffs worked.

94.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

95.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants required Plaintiffs to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiffs their wages in cash and a combination cash and check.

96.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

97.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

98.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

99.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

100.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

101.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

102.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

103.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject

to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

104.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

107.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

108.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

109.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

110.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rates was willful within the meaning of 29 U.S.C. § 255(a).

111.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

114.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

115.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

116.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

118.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

119.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

120.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

121.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

123.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

124.    Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

127.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

128.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

131.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

134.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

137.    Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION OF THE NEW

### YORK LABOR LAW

138.    Plaintiff Castillo repeats and realleges all paragraphs above as though set forth fully herein.

139.    At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

140.    Defendants made unlawful deductions from Plaintiff Castillo's wages; specifically, from approximately July 2017 until on or about October 2017, Defendants deducted approximately $20.75 per week and from approximately October 2017 until on or about October 2018, Defendants deducted approximately $16.50 per week from Plaintiff Castillo's weekly wages for meals they never allowed her to take.

141.    The deductions made from Plaintiff Castillo's wages were not authorized or required

by law.

142.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

143.    Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

144.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

145.    Defendants were not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

146.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA was willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 11, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Ramiro Pacheco

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                       Ramiro Pacheco

Date / Fecha:                                    09 de octubre de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Kenya B Castillo Alvarenga

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    9 de octubre 2018

*Certified as a minority-owned business in the State of New York*