# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

December 6, 2019

**BY ECF**  
Honorable Katharine H. Parker  
United States Courthouse  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

          **Re:** **Pacheco, et al. v. Chinelus Corp. et al.,**  
                **18 Civ. 9372 (KHP)**

Your Honor:

      This office represents Plaintiffs in the above referenced matter. Plaintiffs write to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions that occurred during a court ordered Mediation session with SDNY panel mediator Laurence Silverman, Esq. on September 19, 2019  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

      Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiffs allege they were employed by Defendants at two restaurants doing business under the name "Chinelos," one located in the Bronx and one in Manhattan. Plaintiffs alleged that Defendants maintained a policy and practice of requiring the Plaintiffs to work in excess of forty hours per week without paying them the minimum wage and overtime compensation required by federal and state laws.

Plaintiff Ramiro Pacheco alleged that he worked overtime hours and was paid fixed daily rates that did not compensate him at the minimum and overtime wage rates required.

Plaintiff Kenya Castillo alleged that she often worked above forty hours per week but was only paid at the regular rate of pay for her overtime hours.

Plaintiff Aracely A. Aguilar Chavez alleged that she worked as a cashier and was regularly paid for only some of the hours she worked.

Defendants categorically deny the allegations in the Complaint. Specifically, Defendants maintain that the Plaintiffs were paid all wages required by applicable law, including overtime and as reflected in the records that were provided to Plaintiffs' counsel in connection with this litigation.

**2. Settlement Terms**

Plaintiffs allege they are entitled to back wages of approximately $98,500.00. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to nearly $260,650.00 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as Exhibit B.

The parties have agreed to settle this action for the total sum of $80,000. The settlement will be paid in 25 payments: an initial payment of $20,000 followed by 24 monthly payments of $2,500 per month.

Page 3

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at \*2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at \*2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants produced a voluminous amount of employment records contradicting Plaintiffs' claims. While Plaintiffs dispute the accuracy of the records, they recognize the records provide Defendants with a colorable defense, presenting the possibility that Plaintiffs' recovery may be severely limited.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at \*2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $27,288.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what

Page 4

is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $10,800 in fees and $933 in costs, totaling $11,733.00. A copy of Plaintiffs' billing record is attached as Exhibit C. The amount provided to Plaintiffs' counsel under the settlement is approximately 2.3 times their lodestar, fair and reasonable, and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

       i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's regular billing rate of $450 per hour is reflected in Exhibit C with the initials "MF."

       ii.      I am senior attorney at Michael Faillace & Associates, P.C., and my work is billed at an hourly rate of $400.00. This is my standard rate for matters on which I am billed at an hourly rate. I graduated from Columbia University School of Law in 2005, where I was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, I developed a broad background in litigation at Olshan Frome Wolosky LLP, where I practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At my departure my billing rate was $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, I have been responsible for litigating all aspects of individual and collective action employment claims in state and federal court. I was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. I have tried 21 wage and hour actions in federal court. My regular billing rate of $400 per hour is reflected in Exhibit C with the initials "JA."

Page 6

        iii.    Work performed by paralegals is reflected in Exhibit C with the initials "PL" and billed at the rate of $100 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

        Respectfully submitted,

        <u>/s/Joshua S. Androphy</u>
        Joshua S. Androphy
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Attorneys for the Plaintiffs

Enclosures